1

2

3

4                                        UNITED STATES DISTRICT COURT

5                                      NORTHERN DISTRICT OF CALIFORNIA

6

7    WILLIAM N RUIZ,                                Case No.  13-cv-05704-SVK

8                    Plaintiff,

9           v.                                      **ORDER ON PLAINTIFF'S MOTION
                                                    TO COMPEL PAYMENT OF
10   KILOLO KIJAKAZI,                               ATTORNEY'S FEES**

11                   Defendant.                     Re: Dkt. No. 41

12          Plaintiff filed this case on December 10, 2013, seeking review of a decision of the

13   Commissioner of Social Security denying Plaintiff's application for Social Security Disability and

14   Social Security Income benefits.  Dkt. 1.  In November 2014, the Court granted the Parties'

15   stipulation to reverse and remand the case and entered judgment in favor of Plaintiff.  Dkt. 30, 31.

16   On March 27, 2015, the Court awarded Plaintiff attorney's fees under the Equal Access to Justice

17   Act ("EAJA") in the amount of $4,811.56.  Dkt. 36 (the "EAJA fees award").  On September 29,

18   2021, Plaintiff filed a motion for attorney's fees under 42 U.S.C.  § 406(b), on the grounds that

19   Plaintiff ultimately prevailed in the administrative proceedings on remand.  Dkt. 37.  On

20   October 27, 2021, the Court granted Plaintiff's motion and awarded Plaintiff $35,000.00 in

21   attorney's fees under § 406(b)(1)(A).  Dkt. 40 (the § 406(b) fee award").[1]

22          Now before the Court is Plaintiff's motion to compel payment of the § 406(b) fee award.

23   Dkt. 41.  The Parties agree that following the filing of the present motion to compel payment, the

24   Commissioner paid the § 406(b) fee award.  Dkt. 42-1 ¶¶ 4-5; Dkt. 47-2.  The only issue

25   remaining before the Court is whether Plaintiff should be awarded the attorney's fees he incurred

26   in bringing the motion to compel payment, which total $1,295.99.  *See* Dkt. 47, 47-1.  Defendant

27

28   _____

     [1] This case was reassigned to the undersigned on October 1, 2021.  Dkt. 39.

*United States District Court*
*Northern District of California*

1    Commissioner of Social Security contends that Plaintiff is not entitled to those fees.  Dkt. 42.

2    All Parties have consented the jurisdiction of a magistrate judge.  Dkt. 6, 11.  The Court

3    deems the present motion suitable for determination without oral argument.  Civ. L.R. 7-1(b).

4    Having reviewed the briefs filed by the Parties, the case file, and applicable law, the Court

5    **GRANTS** Plaintiff's motion for attorney fees incurred in bringing the motion to compel payment

6    of attorney fees.

7    The Commissioner concedes that the § 406(b) fee award was not paid until after Plaintiff

8    filed the motion to compel payment, which was approximately four months after the Court issued

9    the order awarding those fees.  Dkt. 42 at 2; Dkt. 42-1 ¶¶ 4-5.  Moreover, "the Commissioner does

10   not dispute that Plaintiff's motion was the 'catalyst' for the Commissioner's action to pay

11   Plaintiff's Counsel's § 406(b) fees on February 23, 2022."  Dkt. 42 at 4.  However, the

12   Commissioner argues that Plaintiff is not entitled to fees incurred in bringing the motion to compel

13   payment.  *Id.* at 3-4.  Plaintiff seeks these fees under the EAJA, 28 U.S.C. § 2412(d) (*see* Dkt. 47

14   at 3), and the Commissioner argues that EAJA fees are available only to the "prevailing party."

15   Dkt. 42 at 3 (citing 28 U.S.C. § 2412(a), (d)).  According to the Commissioner, Plaintiff is not the

16   prevailing party on the motion to compel payment because the Commissioner paid the § 406(b)

17   fee award voluntarily and "was not compelled by a court order or other formal court action to pay

18   the fees."  *Id.* at 3-4.

19   The Commissioner's argument ignores the context in which the present motion to compel

20   payment arose.  Following Plaintiff's success in obtaining a reversal and remand in this case,

21   Plaintiff prevailed in the administrative proceedings on remand.  The Court then ordered the

22   Commissioner to pay Plaintiff attorney's fees under § 406(b), and the Commissioner did not do so

23   until Plaintiff brought the motion to compel, despite two previous informal requests from

24   Plaintiff's counsel.  *See* Dkt. 41-1 and Exs. A and B thereto.  By any measure, Plaintiff is the

25   prevailing party in this action, notwithstanding the Commissioner's ultimate decision to

26   "voluntarily" pay the § 406(b) fee award—which award, of course, resulted from a Court order.

27   *See Wilderness Soc. v. Babbitt*, 5 F.3d 383, 386 (9th Cir. 1993) ("[a] party need not obtain formal

28   relief on the merits to be deemed a prevailing party" and can be so deemed "if it can demonstrate a

United States District Court
Northern District of California

2

1   clear, *causal relationship* between the litigation brought and the practical outcome realized"

2   (citations omitted, emphasis in original)).

3          The Commissioner also argues that Plaintiff's motion to compel payment is moot because

4   the Commissioner paid the § 406(b) fees.  Dkt. 42 at 2-3.  According to the Commissioner, the

5   payment "was not delayed and there was never a basis for the Court to compel immediate

6   payment."  *Id.* at 2.  Citing the "record high number of pending claims before the SSA payment

7   centers and the various steps involved in processing a § 406(b) payment," the Commissioner

8   argues that "the agency is not in a position to guarantee [such a] payment within a specified time

9   period."  *Id.*; *see also* Dkt. 42-3 ¶¶ 5-7.  The Commissioner argues that the Court should have

10  denied Plaintiff's motion to compel payment of attorney's fees so as not to, in effect, put Plaintiff

11  "at the head of the queue" before other payments that the Social Security Administration must

12  process.  Dkt. 42 at 2-3.  Although it is unfortunate that the Commissioner does not regard the four

13  months that elapsed between the Court's § 406(b) fee award and payment of the award as

14  constituting an unusual delay, in light of the Commissioner's payment of the fee award the Court

15  need not consider whether a different deadline would have been appropriate.

16         Accordingly, for the reasons discussed above, Plaintiff's request for an award under the

17  EAJA of $1,295.99 in attorney's fees incurred in bringing the motion to compel payment is

18  **GRANTED.**

19         **SO ORDERED.**

20  Dated: April 15, 2022

21

22

23  SUSAN VAN KEULEN
    United States Magistrate Judge

24

25

26

27

28

United States District Court
Northern District of California

3